RIVERS, APPELLEE, *v.* RIVERS, APPELLANT.

[Cite as Rivers v. Rivers, 14 Ohio App. 2d 120.]

(No. 10260—Decided April 1, 1968.)

*Mr. A. O. Haefner,* for appellee.
*Mr. Harry Falk,* for appellant.

LONG, P. J. This cause is appealed on questions of law from a judgment of the Common Pleas Court, Division of Domestic Relations. The husband filed suit for divorce. The wife cross-petitioned for alimony only.

We have examined the bill of exceptions and find that the court was correct in dismissing the husband's petition for divorce for the reason that there is no evidence to sustain the same. However, the evidence is equally clear that the wife's cross-petition should have been granted on the ground of willful absence of the husband.

The disturbing feature of the case, however, is the fact that the parties have been married for thirty-four years and had not lived together for some fifteen years. They had been in the divorce court of this county previously but were not divorced. The adjudication in 1961 has no bearing on the present situation according to both sides. In the case at bar, the lower court left the parties still married and, in the opinion of this court, the husband is still liable to support his wife if he is able.

The record is clear that the federal government has awarded to the parties the usual provision of social security for a married couple, awarding to the wife $48.90 a month and the balance to the husband. This, according to

the record, is all that either party receives from any source for support.

The wife appeals further from the decision below the court's failure to give her an allowance for attorney's fee.

Coming now to the judgment which the trial court should have rendered, this court renders final judgment as follows: The dismissal of the petition of the husband for divorce is sustained; the cross-petition of the wife for alimony is granted and, because of the husband's inability to pay more, the amount of such alimony is fixed at the nominal sum of five dollars a month; and the refusal of the trial court to allow attorney's fee to the wife is affirmed, and both parties are adjudged to pay their own lawyers.

*Judgment accordingly.*

HILDEBRANT and SHANNON, JJ., concur.